IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
04 MAY -6 AM 9: 52
U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES DONALD MOORE,          )
                             )
        Plaintiff,           )
                             )
vs.                          )     CV 04-J-0412-J
                             )
SIEMENS BUILDING             )
TECHNOLOGIES, INC., et al.,  )
                             )
        Defendants.          )

ENTERED
MAY 6 2004

## MEMORANDUM OPINION

Pending before the court is defendants Siemens Building Technologies, Inc. ("Siemens") and Teddy Jones' ("Jones"), (collectively, "defendants"), motion to dismiss, or in the alterative, motion for summary judgment (doc. 4), which the court treats as a motion for summary judgment (*see* doc. 6). The court has reviewed the motion and the parties' other submissions. Based upon this review, the court is of the opinion that the motion is due to be granted in part and denied in part.

### I. Background

Siemens hired plaintiff as a painter on October 22, 2002. (Complaint, ¶ 7.) Upon being hired, plaintiff disclosed his asthma condition. (Complaint, ¶ 8.) Jones was the director of plant engineering at Siemens and he required plaintiff to perform work that

1

11

exacerbated plaintiff's asthma. (Complaint, ¶ 10.) In April, 2002, plaintiff complained to human resources that Jones was harassing him. (Complaint, ¶ 11.) In August, 2002, plaintiff was hospitalized as a result of breathing problems he experienced after bleaching mold for work. (Complaint, ¶ 13.) Despite such incident, plaintiff was again required to bleach mold at work. (Complaint, ¶ 15.) In late October and early November, 2002, plaintiff missed work because bleaching mold at work had made him ill. (Complaint, ¶¶ 18-22.) Plaintiff's employment with Siemens was terminated by letter dated November 4, 2002. (Ex. 1 to Def. Motion.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving

party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not

preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Legal Analysis

Defendants move that the court dismiss the following claims: (1) Count One, alleging disability discrimination in violation of the ADA; (2) Count Three, alleging violation of the Workers' Compensation Act of Alabama; (3) Count Four, alleging retaliatory discharge in violation of the Workers' Compensation Act of Alabama; (4) Count Five, alleging breach of contract; (5) Count Six, alleging fraud; (6) Count Seven, alleging violation of OSHA, 29 U.S.C. § 660(c)(1); and (7) Count Nine, alleging defamation.

First, plaintiff concedes that Count One fails as a matter of law. Thus, summary judgment is due to be granted in defendants' favor on Count One of plaintiff's complaint.

Next, defendants argue that Counts Three and Four are due to be dismissed because they raise issues of law within the exclusive jurisdiction of Alabama courts. Defendants cite the court to the federal statute, 28 U.S.C. § 1445(c), which prohibits *removal* of state workers' compensation claims to federal court. Plaintiff correctly points out that this case was not removed from state court. Rather, the complaint was originally filed in federal court by plaintiff. In *Horton v. Liberty Mut. Ins. Co.*, 367 U.S.

348, 81 S. Ct. 1570 (1961), the Supreme Court held that, pursuant to 28 U.S.C. § 1332, a federal district court had jurisdiction to hear the case in which plaintiff made claims arising under Texas' workers' compensation laws. The Court reasoned that "Congress could very easily have used language to bar filing of workmen's compensation suits ... as well as removal of such suits, and it could easily do so still." *Horton*, 367 U.S. at 352. The same reasoning applies here, where the court has jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff argues that the court may properly exercise supplemental jurisdiction over plaintiff's claims brought under the Workers' Compensation Act of Alabama and cites to several cases in which federal courts have exercised jurisdiction over claims brought under the Workers' Compensation Act of Alabama. *See Mowrey v. J & L Farms, Inc.*, 25 F. Supp. 2d 1340 (M.D. Ala. 1998); *Treadwell v. Dow-United Techs.*, 970 F. Supp. 974 (M.D. Ala. 1997); *Knox v. Brundidge Shirt Corp.*, 942 F. Supp. 522 (M.D. Ala. 1996); *Cheatwood v. Roanoke Indus.*, 891 F. Supp. 1528 (N.D. Ala. 1995); *see also Middleton v. Dan River, Inc.*, 834 F.2d 903 (11th Cir. 1987); *St. Paul Ins. Co. of Illinois v. Harris*, 758 F.2d 1450 (11th Cir. 1985). The court agrees. Summary judgment is due to be denied on Count Three of plaintiff's complaint.

Defendants argue that even if the court exercises supplemental jurisdiction over plaintiff's claims arising under the Workers' Compensation Act of Alabama, plaintiff's retaliatory discharge claim (Count Four) fails as a matter of law. Under the Workers'

Compensation Act of Alabama,

> No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter or solely because the employee has filed a written notice of violation of a safety rule pursuant to subdivision (c)(4) of Section 25-5-11.

Ala. Code § 25-5-11.1. The Supreme Court of Alabama has held that, to establish a prima facie case of retaliatory discharge, an employee must show: "1) an employment relationship, 2) an on-the-job injury, 3) knowledge on the part of the employer of the on-the-job injury, and 4) subsequent termination of employment based solely upon the employee's on-the-job injury and the filing of a workers' compensation claim." *Alabama Power Co. v. Aldridge*, 854 So. 2d 554, 563 (Ala. 2002). Defendants assert that plaintiff's claim fails because he did not file a workers' compensation claim prior to his termination. *See Allen v. Albrecht Enterprises, Inc.*, 675 So. 2d 425, 427 (Ala. Civ. App. 1995) (plaintiff's admission that she was terminated the day before she filed her workers' compensation claim negated her claim of retaliatory discharge). The court agrees. While plaintiff alleges that defendants knew of his on-the-job injury, plaintiff fails to allege that he sought workers' compensation benefits prior to his termination. Thus, summary judgment is due to be granted in defendants' favor on Count Four of plaintiff's complaint.

Defendants argue that Counts Five and Six are due to be dismissed because either such counts fail to state a claim[1] or those claims are preempted by ERISA. Defendant argues that any state law claims relating to the long term disability plan would be preempted by ERISA. Plaintiff merely argues that these claims are not preempted by ERISA because the terms of any ERISA policy are not critical to the resolution of his claims of breach of contract and fraud. "Claims which are 'related to' ERISA plans are those claims which specifically refer to and would affect an ERISA plan, would contravene the structure or purpose of ERISA, would require a construction of the benefit plan, or would mandate an interpretation of the statutory duties of one of the parties to the plan. *Mehaffey v. Boston Mut. Life Ins. Co.*, 31 F. Supp. 2d 1329, 1333 (M.D. Ala. 1998). In his complaint, plaintiff alleges that he "became insured under SIEMENS' disability insurance policy as part of his employment benefits with SIEMENS." Complaint at ¶ 49. In Counts Five and Six, plaintiff essentially claims that Siemens breached his disability insurance contract and that Siemens made fraudulent

---

[1] Defendants point out that Siemens has a Medical Leave of Absence Policy which is provided at no cost to employees and if this is what plaintiff refers to then his allegations regarding paying premiums and obtaining a policy fail to state claim. Defendants further point out that Siemens does offer a long term disability plan in which employees may elect to enroll through the payment of premiums and that applies to eligible employees who are totally and permanently disabled for more than 180 days. Defendant argues that if plaintiff is referring to the long term disability policy his claims fail because he is unable to show that he was totally and permanently disabled for more than 180 days. Plaintiff fails to clarify in his response whether his claims relate to Siemens leave of absence policy or long term disability plan.

representations to plaintiff regarding the existence of disability insurance. *See* Complaint at ¶¶ 48-62. Based on these allegations, it appears clear that plaintiff's claims are related to an ERISA plan and, thus, are preempted. For the reasons cited to by defendants, Counts Five and Six are due to be dismissed. Pursuant to plaintiff's request, the court **GRANTS** plaintiff leave to amend his complaint to address the deficiencies of Counts Five and Six.

Defendants argue that Count Seven is due to be dismissed because there is no private cause of action for the OSHA violation alleged by plaintiff and plaintiff concedes this point. *See* 29 U.S.C. § 660(c). Plaintiff relies on several cases[2] to argue that, even though a private right of action cannot be maintained, the court can still provide plaintiff with equitable relief. However, plaintiff's reliance on these cases is misplaced because these cases were all brought by the Secretary of Labor on behalf of private individuals; they were not filed by the private parties themselves. Thus, plaintiff's argument fails and summary judgment is due to be granted in defendants' favor on Count Seven of plaintiff's complaint.

Finally, defendants argue that Count Nine is due to be dismissed because plaintiff cannot show publication as a matter of law. The court declines to decide whether

---

[2] Plaintiff cites to the following cases: *Donovan v. Freeway Const. Co.*, 551 F. Supp. 869 (D.C.R.I. 1982); *Martin v. Anslinger, Inc.*, 794 F. Supp. 640 (S.D. Tex. 1992); and *Donovan v. George Lai Contracting,Inc.*, 629 F. Supp. 121 (W.D. Mo. 1985).

plaintiff can establish publication at this stage of the proceedings. Thus, summary judgment is due to be denied on Count Nine of plaintiff's complaint.

### IV. Conclusion

Having considered all of the evidence submitted by the parties, the court finds that the plaintiff fails in his burden to show evidence sufficient to survive the defendants' motion for summary judgment on Counts One, Four, Five, Six and Seven. The court finds that, as a matter of law, the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248.

Based upon the foregoing, defendants' motion for summary judgment (doc. 4) is **GRANTED IN PART (Counts One, Four, Five, Six and Seven) and DENIED IN PART (Counts Three and Nine)**. Plaintiff's claims against the defendants contained in Counts One, Four and Seven of his complaint shall be **DISMISSED WITH PREJUDICE** by separate order.

**DONE** and **ORDERED** this the __6__ day of May, 2004.

_____
Inge P. Johnson
U.S. District Judge